**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MATTHEW LOUIS JOHNSON,<br><br>                                   Plaintiff,<br>  vs.<br>DARR, CORRECTIONAL OFFICER,<br>                                 Defendant. | CASE NO. 10cv2334-WQH-POR<br><br>ORDER |

HAYES, Judge:

      The matters before the Court are the Motion to Dismiss filed by Defendant (ECF No. 7), and the Report and Recommendation issued by United States Magistrate Judge Louisa S. Porter (ECF No. 16).

## BACKGROUND

      Plaintiff Matthew Louis Johnson, a state prisoner currently incarcerated at the Correctional Training Facility in Soledad, California, and proceeding *pro se* and *in forma pauperis*, filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that, while he was incarcerated at Centinela State Prison in 2005, Defendant Darr, a correctional officer at that facility, violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. (ECF No. 1 at 2). Specifically, Plaintiff alleges that, on July 19, 2005, Defendant ordered certain cells to be opened and allowed the inmates of those cells to physically injure Plaintiff. *Id.* at 15.

      On August 12, 2005, Plaintiff submitted a CDC 602 Inmate Appeal Form, log number

1  CEN-A-05-1339 ("Inmate Appeal No. 05-1339"), for the First Level of Review. *Id*. at 25. In
2  Inmate Appeal No. 05-1339, Plaintiff stated in the "Describe Problem" portion of the form:
3  "Personal injury suit of the Civil Right[s] Act on a[n] inmate that was caused by a[] prison
4  official/government employee." *Id*. On an attached sheet, Plaintiff described the July 19, 2005
5  incident which is the subject of the current civil action. *Id*. at 27.

6  On September 28, 2005, Inmate Appeal No. 05-1339 was denied at the First Level of
7  Review. *Id*. at 29.

8  On November 9, 2005, Plaintiff submitted a request for Second Level Review of Inmate
9  Appeal No. 05-1339. *Id*. at 26.

10  On January 10, 2006, Plaintiff's appeal was denied at the Second Level of Review and
11  he was informed that he could appeal to the Director's Level of Review. *Id*. at 30.

12  On March 1, 2006, the prison appeals office received Plaintiff's attempt to appeal
13  Inmate Appeal No. 05-1339 to the Director's Level of Review. (Foston Decl. ¶ 9(a), ECF No.
14  7-4). "On March 1, 2006, the appeal was screened out, rejected and not accepted by [the
15  Office of Inmate Appeals], because [Plaintiff] failed to submit the appeal for a Second Level
16  review at the institution." *Id*. On March 1, 2006, Plaintiff was sent a letter which stated: "The
17  CDC 602 Inmate/Parolee Appeal Form must have been accepted and completed through the
18  Second Level of Review on behalf of the Warden or Parole Region Administrator." (ECF No.
19  7-4 at 11).

20  On May 22, 2006, Plaintiff inquired about the status of Inmate Appeal No. 05-1339, and
21  a letter was sent to him which stated: "There is no record that this appeal has been accepted
22  for a Director's Level of Review. It may have been returned to you with a letter similar to this
23  one explaining what was needed in order for it to be accepted for review." *Id*. at 13.

24  On June 14, 2006, Plaintiff, who had been transferred to the Correctional Training
25  Facility in Soledad, filed his first action in this Court pursuant to 42 U.S.C. § 1983 against
26  Defendant related to the July 2005 incident. *See Johnson v. Darr*, S.D. Cal. Case No.
27  06-cv-1257-JAH-POR.

28  On December 13, 2007, the Court dismissed the entire action without prejudice, in part

because Plaintiff "fail[ed] to exhaust administrative remedies, in that plaintiff failed to complete the Third Level of Review required to bring suit in federal court." *See* S.D. Cal. Case No. 06-cv-1257, ECF No. 20 at 3.

On January 14, 2008, Plaintiff filed a second action in this Court pursuant to 42 U.S.C. § 1983 against Defendant related to the July 2005 incident. *See Johnson v. Darr*, S.D. Cal. Case No. 08-cv-80-DMS-POR.

On March 17, 2009, the Court dismissed the entire action with prejudice due to Plaintiff's failure to exhaust his administrative remedies. *See* S.D. Cal. Case No. 08-cv-80, ECF No. 13 at 1. In so ruling, the Court adopted the Report and Recommendation of the Magistrate Judge, which stated: "[T]his Court finds ... [that Plaintiff] has not yet completed the Third Level of Review. Plaintiff, thus, is too late to correct any deficiencies concerning the exhaustion of his administrative record." *See* S.D. Cal. Case No. 08-cv-80, ECF No. 10 at 10.

Plaintiff appealed the Court's Judgment dismissing the second action. *See* S.D. Cal. Case No. 08-cv-80, ECF No. 15.

On March 3, 2010, the Court of Appeals for the Ninth Circuit issued an order affirming in part and vacating in part the Judgment in Plaintiff's second action. *See* S.D. Cal. Case No. 08-cv-80, ECF No. 26. The Court of Appeals stated:

> The district court properly dismissed the action because Johnson did not complete the prison grievance process prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006) (holding that 'proper exhaustion' under § 1997e(a) is mandatory and requires adherence to administrative procedural rules). However, we vacate the judgment and remand for the limited purpose of entering dismissal without prejudice. *See Wyatt* [*v. Terhune*], 315 F.3d [1108,] 1120 [(9th Cir. 2003)] (providing that dismissals for failure to exhaust administrative remedies are without prejudice).

*Id*. at 3.

On April 23, 2010, this Court entered an amended Judgment dismissing Plaintiff's second action without prejudice. *See* S.D. Cal. Case No. 08-cv-80, ECF No. 27.

On April 30, 2010, Plaintiff submitted Inmate Appeal No. 05-1339 to the Director's Level of Review. (ECF No. 1 at 26).

On June 7, 2010, the Inmate Appeals Branch "cancelled" Plaintiff's request for review of Inmate Appeal No. 05-1339. *Id*. at 32. The letter notifying Plaintiff of the decision states

1  that the appeal was cancelled for the following reason: "An appellant must submit the appeal
2  within 15 working days of the event or decision being appealed, or of receiving a lower level
3  decision in accordance with CCR 3084.6(c). You have not provided a valid reason for the
4  delay in submitting to the third level of review." *Id*.

5        On June 17, 2010, Plaintiff submitted a second CDC 602 Inmate Appeal Form, log
6  number IAB-50-21034 ("Inmate Appeal No. 50-21034"), for the First Level of Review.
7  Plaintiff stated:

> Petitioner received cancelled appeal[] from this office on June 7, 2010, Log No. CEN-05-01339, ... based on a delay period and not giving this office a reason for the delay. Petitioner is now appealing that decision for the following reasons stated below. Petitioner originally submitted the staff complaint to this office in a timely manner back in December of 2005, however, this office would not respond, claiming Petitioner needed to talk to his counselor, after going back and forth for several months with no response from this office, Petitioner submitted the complaint to Court, and again, Petitioner's case was denied by the Southern District Court, and Petitioner appealed to the 9th Circuit Court of Appeals, and after more time passed, Petitioner's case was finally dismissed without prejudice by the District Court to give Petitioner the opportunity to exhaust his administrative remedies in order to refile back in the District Court. Petitioner is now doing so. That was the reason for the long delay, base[d] on Petitioner had this complaint in the Federal Court, Case # 08cv0080-DMS (POR).... Petitioner need[s] this office to hear his staff complaint in order to proceed back in the Federal Court to insure his Due Process rights are not continually violated by the State C.D.C.R. system.

17  *Id*. at 35-36.

18        On July 19, 2010, the Inmate Appeals Branch issued a letter stating that Plaintiff's
19  Inmate Appeal No. 50-21034 had been "rejected" for the following reason: "Please include the
20  following supporting documentation: Original cancelled appeal (CEN-05-01339) ... [and]
21  supporting documentation." *Id*. at 33.

22        On October 7, 2010, the Inmate Appeals Branch issued a Director's Level Appeal
23  Decision denying Inmate Appeal No. 50-21034. *Id*. at 37. The decision stated:

> A determination has been made at the Third Level of Review that appeal Log No. CEN-05-01339 was properly cancelled. Although the appellant argues that the five year delay was due to the matter pending in court, the evidence establishes that he had allowed time constraints to expire prior to going to court. Therefore consideration of any subsequent effort to obtain a late review is inappropriate.

*Id*.

      On November 20, 2010, Plaintiff filed this action, which is Plaintiff's third action in this

Court pursuant to 42 U.S.C. § 1983 against Defendant Darr related to the July 2005 incident. (ECF No. 1).

On April 18, 2011, Defendant filed the Motion to Dismiss Plaintiff's Complaint in its entirety on the basis that Plaintiff failed to exhaust his administrative remedies and his claim is barred by the applicable statute of limitations. (ECF No. 7). On April 28, 2011, Plaintiff filed an opposition to the Motion to Dismiss. (ECF No. 9). On May 19, 2011, Defendant filed a reply. (ECF No 10).

On July 7, 2011, the Magistrate Judge issued the Report and Recommendation. (ECF No. 16). The Magistrate Judge recommended that the Motion to Dismiss be denied as to Defendant's contention that Plaintiff failed to exhaust his administrative remedies. The Magistrate Judge stated:

> Although Plaintiff did not comply with the deadlines for filing grievances for his first appeal (log number CEN-05-01339), Plaintiff properly exhausted his claim against Defendant in his second appeal (log number IAB-50-21034). Plaintiff's failure to comply with the administrative appeals procedures in his first appeal (log number CEN-05-1339) may be excused because Plaintiff, in his second appeal (log number IAB-50-21034), provided the prison with information to reach the merits of his claim. *Jones* [*v. Stewart*], 457 F. Supp. 2d [1131,] 1134 [(D. Nev. 2006)]; *Griffin v. Arpaio*, 557 F.3d 1117, 1119-20 (9th Cir. 2009) (proper exhaustion 'means that a grievant must use all steps the prison holds out, enabling the prison to reach the merits of the issue[]'). The Court in *Jones v. Stewart* held that if a prisoner plaintiff fails to comply with critical procedural rules, a court may still be able to find proper exhaustion if a plaintiff meets a 'merits test.' *Id.* (reading *Woodford* [*v. Ngo*, 548 U.S. 81 (2006)] to set forth two independent tests for proper exhaustion: a 'merits test' and a 'compliance test').
>
> A prisoner meets the merits test if his administrative appeal provides enough details so as to give the prison authorities notice of the incident. *Id.*

*Id.* at 10-11 (footnote omitted). The Magistrate Judge also recommended that the Motion to Dismiss be denied as to Defendant's contention that Plaintiff's claim is barred by the statute of limitations. The Magistrate Judge found that Plaintiff's claim was not barred by the statute of limitations because "the statute of limitations is equitably tolled for a[] ... period of about three years (thirty-eight months) while Plaintiff was involved in the mandatory exhaustion process." *Id.* at 18 (citation omitted).

On July 29, 2011, Defendant filed an objection to the Report and Recommendation. (ECF No. 17). Defendant contends: "The court ... cannot allow that Plaintiff, who failed to

1  exhaust his initial claim, can meet the exhaustion requirement by proxy through his new inmate
2  appeal. Because Plaintiff failed to exhaust his administrative remedies, his claim should be
3  dismissed." *Id*. at 5. Defendant also objects to the finding that Plaintiff's claim is not barred
4  by the statute of limitations.

5        On August 5, 2011, Plaintiff filed a reply to Defendant's objection to the Report and
6  Recommendation. (ECF No. 18).

## STANDARD OF REVIEW

8        The duties of the district court in connection with a magistrate judge's report and
9  recommendation are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C.
10 § 636(b)(1). The district court must "make a *de novo* determination of those portions of the
11 report ... to which objection is made," and "may accept, reject, or modify, in whole or in part,
12 the findings or recommendations made by the magistrate." 28 U.S.C. §636(b)(1); *see also U.S.*
13 *v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

14       Defendant objects to the Report and Recommendation in its entirety. Accordingly, the
15 Court makes a *de novo* review of the Report and Recommendation and the Motion to Dismiss.

## DISCUSSION

17       The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought
18 with respect to prison conditions under section 1983 of this title, or any other Federal law, by
19 a prisoner confined in any jail, prison, or other correctional facility until such administrative
20 remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This limitation "allows prison
21 officials an opportunity to resolve disputes concerning the exercise of their responsibilities
22 before being haled into court." *Jones v. Bock*, 549 U.S. 199, 204 (2007). Exhaustion of
23 administrative remedies is a mandatory step, even if the specific relief sought–money damages,
24 for example–is unavailable through the prison's administrative channels. *See Booth v.*
25 *Churner*, 532 U.S. 731, 733 (2001). Proper exhaustion occurs when prisoners "'complete the
26 administrative review process in accordance with the applicable procedural rules' ... that are
27 defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218
28 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)).

According to California's administrative appeals system, prison inmates can appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having an adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). At the time of the July 2005 incident, the initial appeal was required to be filed within 15 working days of the event that prompted the complaint. *See Woodford*, 548 U.S. at 87 (citing Cal. Code Regs. tit. 15, § 3084.6(c)).[1] A prison can screen out late grievances as untimely. *See* Cal. Code Regs. tit. 15, § 3084.6(c)(4). Typically, prisoners must subject their complaints to three formal levels of review to properly exhaust their remedies. *See* Cal. Code Regs. tit. 15, § 3084.7. "[A] grievant must use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009). "[W]hen a prison's grievance procedures are silent or incomplete as to factual specificity, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought."[2] *Id*. at 1120 (quotation omitted).

A motion to dismiss for non-exhaustion is properly brought as a non-enumerated motion under Federal Rule of Civil Procedure 12(b). *See Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for non-exhaustion, a court "may look beyond the pleadings and decide disputed issues of fact." *Id.* at 1119-20. Non-exhaustion is an affirmative defense under the PLRA. *See Jones*, 549 U.S. at 216.

Plaintiff's June 17, 2010 prison grievance, Inmate Appeal No. 50-21034, raises a claim related to the Inmate Appeals Board's rejection of Inmate Appeal No. 05-1339. In Inmate Appeal No. 50-21034, Plaintiff references his Due Process rights, but makes no mention of Defendant Darr, the July 2005 inmate assault, or Plaintiff's Eighth Amendment claim alleged in the Complaint in this action. The evidence indicates that Plaintiff did not attach a copy of Inmate Appeal No. 05-1339 to Inmate Appeal No. 50-21034. *See* ECF No. 1 at 33 (July 19, 2010 letter). The Court finds that Plaintiff's June 17, 2010 prison grievance, Inmate Appeal

---

[1] The 15 day time limit has since been extended to 30 days. *See* Cal. Code Regs. tit. 15, § 3084.8(b).

[2] California's 602 appeals form requires only that an inmate "describe the specific issue under appeal and the relief requested." Cal. Code Regs. tit. 15, § 3084.2(a).

No. 50-21034, did not adequately "alert[] the prison to the nature of the wrong for which redress is sought" in this judicial action. *Griffin*, 557 F.3d at 1120; *see also Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) ("[A] prisoner must exhaust his administrative remedies for the *claims* contained within his complaint before that complaint is tendered to the district court.") (emphasis added).

Even if Inmate Appeal No. 50-21034 did provide adequate notice to prison officials of Plaintiff's claim against Darr, Inmate Appeal No. 50-21034 was not filed in compliance with California prison regulations because it was not filed "within 15 working days of the action being challenged." *Woodford*, 548 U.S. at 87. Similarly, Inmate Appeal No. 05-1339 was not filed in compliance with prison regulations because Plaintiff did not timely complete the Third Level of Review. *See* S.D. Cal. Case No. 08-cv-80, ECF No. 10 at 10 (Report and Recommendation); S.D. Cal. Case No. 08-cv-80, ECF No. 13 (Order adopting Report and Recommendation); S.D. Cal. Case No. 08-cv-80, ECF No. 26 at 3 (Order of the Court of Appeals holding that the "district court properly dismissed the action because Johnson did not complete the prison grievance process [with respect to Inmate Appeal No. 05-1339] prior to filing suit").

In *Woodford*, the Supreme Court held that the PLRA exhaustion requirement demands "proper exhaustion" of administrative remedies, which is defined as "using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." 548 U.S. at 90 (emphasis in original); *see also id*. at 90-91 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."). In *Jones v. Stewart*, 457 F. Supp. 1131 (D. Nev. 2006), the court read *Woodford* to set forth two tests for proper exhaustion: a "merits test" and a "compliance test." *Id*. at 1134. The *Jones*, court stated:

> The 'merits test' is satisfied when a plaintiff's grievance is fully addressed on the merits by the administrative agency and appealed through all the agency's levels. The 'compliance test' is satisfied when a plaintiff complies with all critical procedural rules, including agency deadlines. A finding that a plaintiff has met either test is sufficient for finding proper exhaustion. Defendants must show that Plaintiff failed to meet both the merits and compliance tests to succeed

1 | in a motion to dismiss for failure to exhaust administrative remedies.
2 | *Id.* (quotations omitted).
3 | In this case, the "merits test" has not been satisfied with respect to Inmate Appeal No.
4 | 50-21034 or Inmate Appeal No. 05-1339, because neither "grievance [was] fully addressed on
5 | the merits by the administrative agency and appealed through all the agency's levels." *Id*. As
6 | discussed above, the "compliance test" has not been satisfied with respect to Inmate Appeal
7 | No. 50-21034 or Inmate Appeal No. 05-1339. Accordingly, even under the reading of
8 | *Woodford* advanced by the *Jones* court, Defendant has satisfied his burden of showing that
9 | Plaintiff has failed to properly exhaust administrative remedies with respect to his claim
10 | against Darr.
11 | The Court finds that the Motion to Dismiss the Complaint for failure to exhaust
12 | administrative remedies must be granted. The Complaint must be dismissed without prejudice.
13 | *See Wyatt*, 315 F.3d at 1120 ("If the district court concludes that the prisoner has not exhausted
14 | nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice.")

## CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation is not adopted (ECF No. 16), and the Motion to Dismiss is granted (ECF No. 7). The Complaint is dismissed without prejudice.

DATED: September 16, 2011

**WILLIAM Q. HAYES**
United States District Judge