# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW LOUIS JOHNSON, | CASE NO. 10cv2334-WQH-POR |
| Plaintiff, | ORDER |
| vs. | |
| DARR, CORRECTIONAL OFFICER, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the Motion for Reconsideration filed by Plaintiff Matthew Louis Johnson. (ECF No. 24).

**I.   Background**

Plaintiff Matthew Louis Johnson, a state prisoner currently incarcerated at the Correctional Training Facility in Soledad, California, and proceeding pro se and in forma pauperis, filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleged that, while he was incarcerated at Centinela State Prison in 2005, Defendant Darr, a correctional officer at that facility, violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. (ECF No. 1 at 2). Specifically, Plaintiff alleged that, on July 19, 2005, Defendant ordered certain cells to be opened and allowed the inmates of those cells to physically injure Plaintiff. *Id.* at 15.

On August 12, 2005, Plaintiff submitted a CDC 602 Inmate Appeal Form, log number CEN-A-05-1339 ("Inmate Appeal No. 05-1339"), for the First Level of Review. *Id.* at 25. In

1  Inmate Appeal No. 05-1339, Plaintiff stated in the "Describe Problem" portion of the form:
2  "Personal injury suit of the Civil Right[s] Act on a[n] inmate that was caused by a[] prison
3  official/government employee." *Id*. On an attached sheet, Plaintiff described the July 19, 2005
4  incident which is the subject of the current civil action. *Id*. at 27.

5  On September 28, 2005, Inmate Appeal No. 05-1339 was denied at the First Level of
6  Review. *Id*. at 29.

7  On November 9, 2005, Plaintiff submitted a request for Second Level Review of Inmate
8  Appeal No. 05-1339. *Id*. at 26.

9  On January 10, 2006, Plaintiff's appeal was denied at the Second Level of Review and
10 he was informed that he could appeal to the Director's Level of Review. *Id*. at 30.

11 On March 1, 2006, the prison appeals office received Plaintiff's attempt to appeal
12 Inmate Appeal No. 05-1339 to the Director's Level of Review. (Foston Decl. ¶ 9(a), ECF No.
13 7-4). "On March 1, 2006, the appeal was screened out, rejected and not accepted by [the
14 Office of Inmate Appeals], because [Plaintiff] failed to submit the appeal for a Second Level
15 review at the institution." *Id*. On March 1, 2006, Plaintiff was sent a letter which stated: "The
16 CDC 602 Inmate/Parolee Appeal Form must have been accepted and completed through the
17 Second Level of Review on behalf of the Warden or Parole Region Administrator." (ECF No.
18 7-4 at 11).

19 On May 22, 2006, Plaintiff inquired about the status of Inmate Appeal No. 05-1339, and
20 a letter was sent to him which stated: "There is no record that this appeal has been accepted
21 for a Director's Level of Review. It may have been returned to you with a letter similar to this
22 one explaining what was needed in order for it to be accepted for review." *Id*. at 13.

23 On June 14, 2006, Plaintiff, who had been transferred to the Correctional Training
24 Facility in Soledad, filed his first action in this Court pursuant to 42 U.S.C. § 1983 against
25 Defendant related to the July 2005 incident. *See Johnson v. Darr*, S.D. Cal. Case No.
26 06-cv-1257-JAH-POR.

27 On December 13, 2007, the Court dismissed the entire action without prejudice, in part
28 because Plaintiff "fail[ed] to exhaust administrative remedies, in that plaintiff failed to


complete the Third Level of Review required to bring suit in federal court." *See* S.D. Cal. Case No. 06-cv-1257, ECF No. 20 at 3.

On January 14, 2008, Plaintiff filed a second action in this Court pursuant to 42 U.S.C. § 1983 against Defendant related to the July 2005 incident. *See Johnson v. Darr*, S.D. Cal. Case No. 08-cv-80-DMS-POR.

On March 17, 2009, the Court dismissed the entire action with prejudice due to Plaintiff's failure to exhaust his administrative remedies. *See* S.D. Cal. Case No. 08-cv-80, ECF No. 13 at 1. In so ruling, the Court adopted the Report and Recommendation of the Magistrate Judge, which stated: "[T]his Court finds ... [that Plaintiff] has not yet completed the Third Level of Review. Plaintiff, thus, is too late to correct any deficiencies concerning the exhaustion of his administrative record." *See* S.D. Cal. Case No. 08-cv-80, ECF No. 10 at 10.

Plaintiff appealed the Court's Judgment dismissing the second action. *See* S.D. Cal. Case No. 08-cv-80, ECF No. 15.

On March 3, 2010, the Court of Appeals for the Ninth Circuit issued an order affirming in part and vacating in part the Judgment in Plaintiff's second action. *See* S.D. Cal. Case No. 08-cv-80, ECF No. 26. The Court of Appeals stated:

> The district court properly dismissed the action because Johnson did not complete the prison grievance process prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006) (holding that 'proper exhaustion' under § 1997e(a) is mandatory and requires adherence to administrative procedural rules). However, we vacate the judgment and remand for the limited purpose of entering dismissal without prejudice. *See Wyatt* [*v. Terhune*], 315 F.3d [1108,] 1120 [(9th Cir. 2003)] (providing that dismissals for failure to exhaust administrative remedies are without prejudice).

*Id*. at 3.

On April 23, 2010, this Court entered an amended Judgment dismissing Plaintiff's second action without prejudice. *See* S.D. Cal. Case No. 08-cv-80, ECF No. 27.

On April 30, 2010, Plaintiff submitted Inmate Appeal No. 05-1339 to the Director's Level of Review. (ECF No. 1 at 26).

On June 7, 2010, the Inmate Appeals Branch "cancelled" Plaintiff's request for review of Inmate Appeal No. 05-1339. *Id*. at 32. The letter notifying Plaintiff of the decision states that the appeal was cancelled for the following reason: "An appellant must submit the appeal

within 15 working days of the event or decision being appealed, or of receiving a lower level decision in accordance with CCR 3084.6(c). You have not provided a valid reason for the delay in submitting to the third level of review." *Id.*

On June 17, 2010, Plaintiff submitted a second CDC 602 Inmate Appeal Form, log number IAB-50-21034 ("Inmate Appeal No. 50-21034"), for the First Level of Review. Plaintiff stated:

> Petitioner received cancelled appeal[] from this office on June 7, 2010, Log No. CEN-05-01339, ... based on a delay period and not giving this office a reason for the delay. Petitioner is now appealing that decision for the following reasons stated below. Petitioner originally submitted the staff complaint to this office in a timely manner back in December of 2005, however, this office would not respond, claiming Petitioner needed to talk to his counselor, after going back and forth for several months with no response from this office, Petitioner submitted the complaint to Court, and again, Petitioner's case was denied by the Southern District Court, and Petitioner appealed to the 9th Circuit Court of Appeals, and after more time passed, Petitioner's case was finally dismissed without prejudice by the District Court to give Petitioner the opportunity to exhaust his administrative remedies in order to refile back in the District Court. Petitioner is now doing so. That was the reason for the long delay, base[d] on Petitioner had this complaint in the Federal Court, Case # 08cv0080-DMS (POR).... Petitioner need[s] this office to hear his staff complaint in order to proceed back in the Federal Court to insure his Due Process rights are not continually violated by the State C.D.C.R. system.

*Id.* at 35-36.

On July 19, 2010, the Inmate Appeals Branch issued a letter stating that Plaintiff's Inmate Appeal No. 50-21034 had been "rejected" for the following reason: "Please include the following supporting documentation: Original cancelled appeal (CEN-05-01339) ... [and] supporting documentation." *Id.* at 33.

On October 7, 2010, the Inmate Appeals Branch issued a Director's Level Appeal Decision denying Inmate Appeal No. 50-21034. *Id.* at 37. The decision stated:

> A determination has been made at the Third Level of Review that appeal Log No. CEN-05-01339 was properly cancelled. Although the appellant argues that the five year delay was due to the matter pending in court, the evidence establishes that he had allowed time constraints to expire prior to going to court. Therefore consideration of any subsequent effort to obtain a late review is inappropriate.

*Id.*

On November 20, 2010, Plaintiff filed this action, which is Plaintiff's third action in this Court pursuant to 42 U.S.C. § 1983 against Defendant Darr related to the July 2005 incident.

1  (ECF No. 1).

2  On April 18, 2011, Defendant filed the Motion to Dismiss Plaintiff's Complaint in its
3  entirety on the basis that Plaintiff failed to exhaust his administrative remedies and his claim
4  is barred by the applicable statute of limitations. (ECF No. 7). On July 7, 2011, the Magistrate
5  Judge issued the Report and Recommendation recommending that the Motion to Dismiss be
6  denied as to Defendant's contention that Plaintiff failed to exhaust his administrative remedies.
7  (ECF No. 16).

8  On September 16, 2011, this Court issued an Order granting the Motion to Dismiss the
9  Complaint for failure to exhaust administrative remedies and dismissing the Complaint without
10  prejudice. (ECF No. 21).

11  On October 4, 2011, Plaintiff filed a Motion for Reconsideration and resubmitted a copy
12  of the denial of his Inmate Appeal No. 05-1339 at the First Level of Review dated September
13  28, 2005; the denial of his Inmate Appeal No. 05-1339 at the Second Level of Review dated
14  January 10, 2006; and the denial of his Inmate Appeal 50-21034 at the Director's Level of
15  Review dated October 7, 2010. (ECF No. 24). On October 25, 2011, Defendant filed an
16  Opposition. (ECF No. 27). On November 1, 2011, Plaintiff filed a Reply. (ECF No. 28).

17  **II.   Discussion**

18  Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of
19  finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229
20  F.3d 877, 890 (9th Cir. 2000); *see also United Natn'l Ins. Co. v. Spectrum Worldwide, Inc.*,
21  555 F.3d 772, 780 (9th Cir. 2009). "[A] motion for reconsideration should not be granted,
22  absent highly unusual circumstances, unless the district court is presented with newly
23  discovered evidence, committed clear error, or if there is an intervening change in the
24  controlling law." *Marlyn Natraceuticals , Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873,
25  880 (9th Cir. 2009) (*citing 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.
26  1999)). A motion for reconsideration "may not be used to raise arguments or present evidence
27  for the first time when they could reasonably have been raised earlier in the litigation." *Kona*
28  *Enters.*, 229 F.3d at 890.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This limitation "allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones v. Bock*, 549 U.S. 199, 204 (2007). Exhaustion of administrative remedies is a mandatory step, even if the specific relief sought–money damages, for example–is unavailable through the prison's administrative channels. *See Booth v. Churner*, 532 U.S. 731, 733 (2001). Proper exhaustion occurs when prisoners "'complete the administrative review process in accordance with the applicable procedural rules' ... that are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90-91.

According to California's administrative appeals system, prison inmates can appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having an adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). At the time of the July 2005 incident, the initial appeal was required to be filed within 15 working days of the event that prompted the complaint. *See Woodford*, 548 U.S. at 87 (citing Cal. Code Regs. tit. 15, § 3084.6(c)).[1] A prison can screen out late grievances as untimely. *See* Cal. Code Regs. tit. 15, § 3084.6(c)(4). Typically, prisoners must subject their complaints to three formal levels of review to properly exhaust their remedies. *See* Cal. Code Regs. tit. 15, § 3084.7. "[A] grievant must use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009). "[W]hen a prison's grievance procedures are silent or

---

[1] The 15 day time limit has since been extended to 30 days. *See* Cal. Code Regs. tit. 15, § 3084.8(b).

incomplete as to factual specificity, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought."[2] *Id*. at 1120 (quotation omitted).

Plaintiff contends that the Court committed clear error. Plaintiff contends that he exhausted his administrative remedies in a timely manner because he is entitled to equitable tolling. Plaintiff contends that this Court should adopt the findings of the Magistrate Judge.

Read in light of the Court's duty to "construe pro se pleadings liberally," *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003), Plaintiff has failed to assert any facts which support reconsideration of the Court's prior ruling. The Court does not find that there was clear error in holding that the June 17, 2010 prison grievance, Inmate Appeal No. 50-21034, did not adequately "alert[] the prison to the nature of the wrong for which redress is sought" in this judicial action. *Griffin*, 557 F.3d at 1120; *see also Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) ("[A] prisoner must exhaust his administrative remedies for the *claims* contained within his complaint before that complaint is tendered to the district court.") (emphasis added). The Court does not find that there was clear error in holding that Plaintiff's claim against Darr, Inmate Appeal No. 50-21034, was not filed in compliance with California prison regulations because it was not filed "within 15 working days of the action being challenged." *Woodford*, 548 U.S. at 87. The Court does not find that there was clear error in holding that Inmate Appeal No. 05-1339 was not filed in compliance with prison regulations because Plaintiff did not timely complete the Third Level of Review. *See* S.D. Cal. Case No. 08-cv-80, ECF No. 10 at 10 (Report and Recommendation); S.D. Cal. Case No. 08-cv-80, ECF No. 13 (Order adopting Report and Recommendation); S.D. Cal. Case No. 08-cv-80, ECF No. 26 at 3 (Order of the Court of Appeals holding that the "district court properly dismissed the action because Johnson did not complete the prison grievance process [with respect to Inmate Appeal No. 05-1339] prior to filing suit"). The Court does not find that there was clear error in holding that Defendant satisfied his burden of showing that Plaintiff failed to properly exhaust administrative remedies with respect to the claim against Darr.

---

[2] California's 602 appeals form requires only that an inmate "describe the specific issue under appeal and the relief requested." Cal. Code Regs. tit. 15, § 3084.2(a).

The Court concludes that there was no error in this case. The Motion for Reconsideration is DENIED.

### III.  Conclusion

IT IS HEREBY ORDERED that is the Motion for Reconsideration filed by Plaintiff Matthew Louis Johnson (ECF No. 24) is DENIED.

DATED:  March 13, 2012

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge