UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW L. JOHNSON,<br><br>          Plaintiff,<br><br>v.<br><br>DARR, Correctional Officer,<br>Captain of the Prison,<br><br>          Defendant. | Case No.: 10cv2334-WQH-POR<br><br>**ORDER** |

HAYES, Judge:

  The matter before the Court is the motion to vacate filing fees filed by Plaintiff Matthew L. Johnson. (ECF No. 43).

## BACKGROUND

  Plaintiff, a prisoner proceeding pro se, initiated this action on November 10, 2010 by filing a Complaint and motion to proceed in forma pauperis. (ECF Nos. 1, 2). In the motion to proceed in forma pauperis, Plaintiff states, "I also understand that this fee will be debited from my account regardless of the outcome of this action." (ECF No. 2 at 5). The Court granted the motion to proceed in forma pauperis and stated:

> The Court finds that Plaintiff has no available funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event

1

> shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor,* 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

(ECF No. 4). On September 16, 2011, the Court dismissed the action without prejudice for failure to exhaust administrative remedies. (ECF No. 21)

## MOTION TO VACATE FILING FEES

On August 14, 2018, Plaintiff filed a "motion to vacate fine from filing fees." (ECF No. 43). Plaintiff moves the Court to "waive all fees . . . currently being imposed upon Petitioner from cases . . . well over TEN (10) years old." *Id.* at 2. Plaintiff asserts that he remains incarcerated and is "serving a sentence of 78 YEARS TO LIFE." *Id.* Plaintiff states that these fees are a significant hardship, that he lacks "outside support to pay such fees," and that there is "no way [Plaintiff] can or will be able to pay these fees, and support hi[m]self." *Id.* Plaintiff asks that the Court discontinue the fees because he cannot support himself on his remaining income after restitution and filing fees are taken from his monthly pay.

Under 28 U.S.C. § 1915(b)(1):

> [I]f a prisoner brings a civil action or files an appeal in forma pauperis, *the prisoner shall be required to pay the full amount of a filing fee*. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—
>
> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6—monthly

2

period immediately proceeding the filing of the complaint or notice of appeal.

*Id.* (emphasis added). Subsection (b)(2) further requires that:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2).

While "[i]n no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action," *id.* § 1915(b)(3), and "[i]n no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee," *id.* § 1915(b)(4); *see also Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available."), nothing in Title 28 section 1915 provides any authority or mechanism by which the Court may waive the full payment of the filing fee as required by § 1915(b)(1), or return any portion of the filing fee he has already paid, after his civil action has been dismissed. *See Avery v. Paramo*, No. 13CV2261 BTM DHB, 2015 WL 5228034, at *3 (S.D. Cal. Sept. 8, 2015); *Wilson v. California Dep't of Corrections*, No. 13cv1455 BTM (JLB) (S.D. Cal. October 30, 2014); *Adams v. Maricopa County Sheriff's Office*, 2010 WL 4269528 at *1-2 (D. Ariz. 2010) (denying prisoner's motion to stop withdrawal of monies from his trust account pursuant to 28 U.S.C. § 1915(b) and noting that "[t]he decision to file and prosecute this case was made by Plaintiff before he filed [his] case. Having filed [it], [he] and the Court are both statutorily limited by the strictures of 28 U.S.C. § 1915.").

Moreover, in *Taylor*, the Ninth Circuit found that because § 1915(b)'s filing fee requirements are "rationally related" to Congress's legitimate interest in "deterring

1 | meritless prisoner filings in the federal courts," the statute does not violate a prisoner's
2 | right to meaningful access to the courts or his right to equal protection under the law.
3 | *Taylor*, 281 F.3d at 848–50.
4 | In this case, the law does not provide the Court with any mechanism by which it can
5 | waive the filing fee obligations Plaintiff incurred when he was granted IFP status as an
6 | individual in custody. *See* 28 U.S.C. § 1915(b).
7 | IT IS HEREBY ORDERED that the motion to vacate filing fees is DENIED. (ECF
8 | No. 43).

Dated: August 31, 2018

*/s/ William Q. Hayes*
Hon. William Q. Hayes
United States District Court