UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW L. JOHNSON,<br><br>           Plaintiff,<br><br>v.<br><br>DARR, Correctional Officer,<br>Captain of the Prison,<br><br>           Defendant. | Case No.: 10cv2334-WQH-POR<br><br>**ORDER** |

HAYES, Judge:

  The matter before the Court is the request to consolidate filing fees filed by Plaintiff Matthew L. Johnson. (ECF No. 46).

## **BACKGROUND**

  Plaintiff, a prisoner proceeding pro se, initiated this action on November 10, 2010 by filing a Complaint and motion to proceed in forma pauperis. (ECF Nos. 1–2.) In the motion to proceed in forma pauperis, Plaintiff states, "I also understand that this fee will be debited from my account regardless of the outcome of this action." (ECF No. 2 at 5.) The Court granted the motion to proceed in forma pauperis and stated:

> The Court finds that Plaintiff has no available funds from which
> to pay filing fees at this time . . . . Therefore, the Court **GRANTS**

1

Plaintiff's Motion to Proceed IFP [Doc. No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

(ECF No. 4.) On September 16, 2011, the Court dismissed the action without prejudice for failure to exhaust administrative remedies. (ECF No. 21.)

**REQUEST TO CLARIFY AND CONSOLIDATE FEE OBLIGATIONS**

On September 21, 2018, Plaintiff filed a letter requesting the Court to clarify his fee obligations and "consolidate all fees into one action and FEE to be paid in the sums of 20% of Petitioner's wages instead of 60%." (ECF No. 46 at 2.) Plaintiff asserts that he "fully accept[s] his obligations to pay such Fees." *Id.* at 1. Plaintiff asserts that he pays three "seperate Fees for one case." *Id.* Plaintiff asserts that fees for this case "as well as case number 08-cv-00080-DMS-POR, CASE TITLE: 'Johnson v. DARR,'" amount to "almost $1,000 in Filing fees," and "60% of [his] monthly wages." *Id.* Plaintiff asserts that he "makes around about $48.00 monthly to take care and support himself," and that after deductions of $26.40 for his conviction restitution and $16.10 for filing fees, he is left with "$10.00 a month." *Id.*

Under 28 U.S.C. § 1915(b)(1):

> [I]f a prisoner brings a civil action or files an appeal in forma pauperis, *the prisoner shall be required to pay the full amount of a filing fee*. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—
>
> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

2

§ 1915(b)(1) (emphasis added). Subsection (b)(2) further requires that:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

§ 1915(b)(2). The statute further indicates that "[i]n no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action," and that "[i]n no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." §§ 1915(b)(3)–(4); *see also Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case for "failure to pay . . . due to the lack of funds available.").

Nothing in § 1915 provides any authority for courts to waive full payment of the filing fee required by § 1915(b)(1), or return any portion of the filing fee he has already paid, after the civil action has been dismissed. *See Avery v. Paramo*, No. 13CV2261 BTM DHB, 2015 WL 5228034, at *3 (S.D. Cal. Sept. 8, 2015); *Wilson v. Calif. Dep't of Corrs.*, No. 13cv1455 BTM (JLB) (S.D. Cal. Oct. 30, 2014); *Adams v. Maricopa Cty. Sheriff's Office*, 2010 WL 4269528 at *1–2 (D. Ariz. Oct. 25, 2010) (denying prisoner's motion to stop withdrawal of trust account funds pursuant to § 1915(b) and noting that "[t]he decision to file and prosecute this case was made by Plaintiff before he filed [his] case. Having filed [it], [he] and the Court are both statutorily limited by the strictures of 28 U.S.C. § 1915.").

The Supreme Court has held that the payment of filing fees in prisoner IFP cases requires a "per case" approach. *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016).

> Just as § 1915(b)(1) calls for assessment of "*an* initial partial filing fee" each time a prisoner brings "*a* civil action or files *an*

> appeal" (emphasis added) so its allied provision, § 1915(b)(2), triggered immediately after, calls for "monthly payments of 20 percent of the preceding month's income" simultaneously for each action pursued.

*Id.* The Supreme Court held that this interpretation "better comports with the purpose of the PLRA to deter frivolous suits," while § 1915(b)(4)'s "safety-valve provision . . . ensures against denial of access to federal courts." *Id.* at 632–33.

In this case, the relevant dockets show that Plaintiff is required to pay the full $350 initial filing fee for both cases. *See* 10-cv-2334 at ECF No. 4; 08-cv-080 at ECF No. 3. The dockets also show that Plaintiff is required to pay the $455 appellate filing fee due as a result of his filing a notice of appeal in both cases. *See* 10-cv-2334 at ECF No. 37 for Appeal No. 12-55532; 08-cv-080 at ECF No. 22 for Appeal No. 09-55490. Plaintiff's total fees are $1,600. Plaintiff asks the Court to "consolidate all fees into one action" so that only 20 percent of his monthly wages are garnished for all of his cases. However, the Court concludes that no provision of § 1915 authorizes the Court to waive the filing fee obligations Plaintiff incurred when he was granted IFP status as an individual in custody. *See* § 1915(b).

IT IS HEREBY ORDERED that the request to consolidate filing fees is DENIED. (ECF No. 46.)

Dated: October 22, 2018

Hon. William Q. Hayes
United States District Court